13482

WEATHERLY *ET AL.* v. MARLBORO WAREHOUSE CO. *ET AL.*

(165 S. E., 790)

*Mr. J. K. Owens,* for appellants,

*Messrs. N. W. Edens, Rogers & Ellerbe* and *Stevenson & Lindsay,* for respondents,

*Mr. W. F. Stevenson,* for respondent, McColl,

October 4, 1932.

The opinion of the Court was delivered by Mr. Justice Carter.

This action, commenced in the Court of Common Pleas for Marlboro County, September 8, 1930, by C. E. Weatherly and J. P. Watson, plaintiffs, against the defendants, Marlboro Warehouse Company, D. K. McColl, and Everett & Co., is based upon the following, substantively stated, alleged facts: That the plaintiffs, residents of the said County of Marlboro, are the duly appointed and qualified cotton weighers for the cotton market at Bennettsville, S. C., for the cotton season, 1930-1931, "and are now (September 8, 1930), and have been since their election, in the active discharge of the office of cotton weigher at Bennettsville, S. C."; "that by virtue of their office, it is the duty of the plaintiffs to weigh all cotton that is sold on the market at Bennettsville, S. C., and to receive therefor the sum of ten cents (10c) for each and every bale so weighed," which compensation the plaintiffs allege they are entitled to receive under the law; "that the defendants, McColl & Co.,

and Everett & Co., cotton buyers on the market at Bennetts-ville, S. C., buy a very large part of the cotton that is sold on the said market, and since the commencement of the term of office of plaintiffs the defendants referred to have purchased on this market nearly all of the cotton that has been sold on said market, and said cotton has been weighed by the defendant, Marlboro Warehouse Company, and the cotton seller has been charged twelve cents per bale for each and every bale that has been sold and weighed by the said Cotton Warehouse Co.," the approximate number of bales thus weighed by said Warehouse Company during the plaintiffs' term of office being 800 or 1,000. The plaintiffs further allege, on information and belief, that the defend-ants entered into an agreement among themselves "where-by the cotton purchased by McColl and Company and Everett & Company is weighed and stored by the Marlboro Warehouse Company for the purpose of depriving the plain-tiffs of the compensation which they are entitled to for weighing of said cotton, and for the purpose of depriving the plaintiffs of the rights and privileges of the office which they hold, and for the purpose of receiving themselves the benefits the plaintiffs are entitled to, and for the further purpose of destroying the laws of the State of South Car-olina providing for public weighers in the Town of Ben-nettsville, State of South Carolina"; and further allege "that the contracts and agreements made and entered into by the defendants amount to and are a conspiracy, and are contrary to and in violation of the criminal law of the State of South Carolina and in violation of the Acts of the Gen-eral Assembly providing for public cotton weighers." The plaintiffs also allege that the defendants entered into all of these alleged wrongful contracts and committed all of the alleged wrongful acts knowingly and willfully. It is also al-leged by the plaintiffs that the defendants up to the time of the commencement of this action had "received approxi-mately $80.00 or $100.00 that these plaintiffs are entitled

.to," and also alleged that the defendants had told the plaintiffs that they (the defendants) proposed to continue to disregard the rights of the plaintiffs in the matters complained of. In keeping with the allegations, and based thereon, the plaintiffs, in the prayer of their complaint, asked for judgment as follows:

"(1) For an accounting on the part of the defendants for the number of bales of cotton bought and weighed and received on the market at Bennettsville and payment therefor at the rate of ten cents for each and every bale.

"(2) For punitive damages in the sum of Ten Thousand Dollars.

"(3) For an order restraining and enjoining the defendants, their agents, and employees from buying and receiving cotton on market at Bennettsville, S. C., that has not been weighed by the plaintiffs."

Issues being joined, the case was tried at the July, 1930, term of said Court before Circuit Judge, Hon. E. C. Dennis, and a jury, resulting in an order of nonsuit granted on motion of defendants' attorneys at the close of the testimony introduced on behalf of the plaintiffs. From the order of nonsuit, the plaintiffs have appealed to this Court.

The motion for nonsuit was based, briefly stated, upon the following grounds: First, there is no competent legal evidence of the appointment of the plaintiffs to the office of cotton weigher in Bennettsville, and there is no proof that the plaintiffs are such alleged officers; second, that the action was brought jointly and under the evidence cannot be sustained as such joint action; third, the plaintiffs cannot maintain an action against any one for compensation for services they did not render, and under no view of the case can the action be maintained against the defendants; fourth, that the statute under which the action is brought is in violation of the Constitutions of both the State and the United States, "in that they have endeavored to establish a judicial tribunal here with no appeal from it with mere executive

officers that has the right to determine the weight of every bale of cotton that is bought and sold on this market; that they have the right absolutely to determine when a question arises between the buyer and seller as to how much water or moisture there is in that bale of cotton"; fifth, on the ground that there is no evidence to establish any damage, actual or punitive, sustained by the plaintiffs, and especially is there no evidence of conspiracy "with malicious intent to destroy the law and violate these people's rights"; sixth, that there is no evidence that there is such an office as cotton weigher of the said Town of Bennettsville.

In granting the motion, the trial Judge sustained every ground upon which the same was based, except as to the alleged unconstitutionality of the Act in question. In their exceptions the appellants challenge the correctness of his Honor's ruling as to every ground upon which the order was granted.

Under the view we take of the case it will not be necessary for us to consider all of the grounds upon which the trial Judge based the order of nonsuit, and in our consideration of the appeal we shall confine our discussion to the holding of his Honor to the effect that the plaintiff cannot maintain an action for compensation for services they did not render.

Under the statutory law in force at the time this action was commenced, and at the time the alleged wrongful acts were committed (see Sections 3317, 3318, and 3348 of the Code of 1922, Volume 3, also Act March 21, of 1930 [36 St. at Large, 1128]), it is provided that the cotton weighers shall receive as compensation for their services a certain amount for each bale of cotton weighed by them, one-half of which sum shall be paid by the buyer and one-half by the seller. We find no provision in the law which gives to the weighers the right to collect compensation for weighing cotton which they did not weigh, or for compensation for services which they did not perform. The law provid-

ing for the appointment of cotton weighers was intended primarily for the mutual protection of the farmer who places his cotton on a public platform for sale, and the buyer who holds himself out for the purchase of said cotton, but, so far as we have been able to ascertain, there is no provision in the law which forces the seller and the buyer to permit the cotton to be weighed by such cotton weighers. Nor is there any provision in the law that compels the seller of cotton to place his cotton on such public platform; neither does the law prohibit the buyer from buying cotton not placed on such platform. If the parties (buyer and seller) should see fit, the buyer could accept the ginner's weight and make settlement according to such weight. In such case duly appointed cotton weighers, such as the plaintiffs allege they are, would have no right to collect for weighing the cotton, they having not weighed the same. In this connection we may state that it clearly appears from the record that the defendant Marlboro Warehouse Company was engaged in the business of operating a warehouse for the storage of cotton, and, under authority of law, issued warehouse certificates for cotton stored therein. The charges made by this defendant for the storage of cotton in its warehouse covered storage, insurance, weighing, and grading, and it was necessary for the defendant to weigh the cotton, or have it weighed, in order to be in a position to issue the certificates for such cotton. The other defendants, D. K. McColl and Everett & Co., were engaged in the buying of cotton, and, in order to carry on their business, which was done on a large scale, they found it necessary, if not necessary very convenient, to store their cotton in such warehouse and procure warehouse receipts for the same, which they used in conducting their business. These defendants usually got sale for their cotton in large lots, having often to hold it for some time, and, of course, we assume, needed the warehouse certificates to aid them in procuring money to finance the business. As far as we have

been able to ascertain from the record before us, the defendants conducted their business in an orderly and lawful way, and we find absolutely no proof that they, in any way, entered into any agreement, or any conspiracy, for the purpose of injuring the plaintiffs in any way whatsoever, and there is no proof, and it is not contended, that the defendants owe the plaintiffs for a single bale of cotton weighed by the plaintiffs.

We express no opinion as to the other grounds upon which the order of nonsuit was based, deeming it unnecessary, and it is unnecessary to discuss the other questions raised by appellant, though we have duly considered the same.

It is the judgment of this Court that the order of nonsuit, issued by the Circuit Judge, be and the same is hereby, affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.